# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

MARQUIS B. WEST, :
    Plaintiff, :
v. : CIVIL ACTION NO.: CV614-055
ANDREW M. MAGRUDER; :
DEANA S. JOHNSON; :
THURBERT E. BAKER; :
KATHLEEN PACIOUS; :
and DEVON ORLAND, :
    Defendants. :

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff West's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) West v. Ga. Dep't of Corr., CV1:08-382 (N.D. Ga. Mar. 7, 2008) (dismissed for failure to exhaust[1]); (2) West v. Higgins, CV6:06-83 (S.D. Ga. June 30, 2008) (appeal dismissed as frivolous); and (3) West v. Warnock, CV6:05-47 (S.D. Ga. Aug. 17, 2006) (appeal dismissed as being frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

---

[1] Dismissal of a prior suit for failure to exhaust administrative remedies counts as a strike under § 1915(g). Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

2

danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In this Complaint, Plaintiff contends that Defendants perpetrated a fraud on this Court by violating the Federal Rules of Civil Procedure and Evidence and by presenting their clients in certain civil actions as licensed experts. Plaintiff asserts that this alleged fraud caused him to be denied his right to a fair trial and has left him subjected to deliberately indifferent treatment for the past nine (9) years. At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed this Complaint on June 3, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Plaintiff's claims should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee.

Plaintiff has also filed a Motion for Temporary Restraining Order. As Plaintiff cannot proceed with this cause of action under § 1915(g), his Motion for Temporary Restraining Order should be **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of July, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)